In the Matter of P. A. W., C. W. M., J. W., Minors.

Melvin WILLIAMS, Juvenile Officer, Respondent,

v.

T. S. W., Appellant.

No. 12129.

Missouri Court of Appeals, Southern District, Division Three.

Oct. 16, 1981.

---

"Both parents of said minor children have wholly and intentionally failed and refused to support said minor children for a period of more than six (6) months though legally required and financially able to do so.

"Both parents of said minors knowingly and intelligently consented in writing to the termination of their parental rights in and to said minor children. Said consents were executed prior to the filing of this cause of action and were acknowledged in the same manner required for conveyance of real estate in this state.

"For a period of six (6) months or more the said minor children were left by both parents without any provision for support and without any communication or visitation from either of said parents, except for token efforts at communication by the mother of said children, and thus both said parents have abandoned said minor children within the meaning of the law of the State of Missouri.

"The actual custody of said minor children has not been with either parent for six (6) months or longer prior to the filing of the petition in this cause and further the custody of said minor children has not been with either parent since the filing of the petition in this cause.

"The best interest of the minor children will be served by terminating all parental rights of T. S. W. and D. G. W. in and to said minor children."

Appellant, T. W., natural mother, raises two points in this appeal. However, a finding against her second point dispenses with much of her first point. In Point II, she alleges that because she withdrew her consent to termination of her parental rights and because her consent was not knowingly and intelligently given, a home study, pursuant to § 211.472, RSMo 1978, should have been ordered. She cites no authority for the proposition that she has the right to withdraw her consent. It is not the duty of this court to become an advocate for appellant. *In re Estate of James*, 459 S.W.2d 536 (Mo.App.1970). It also should be impressed

Dennis P. Wilson, Parsons, Mitchell & Wilson, P. C., Dexter, for respondent.

Yewell G. Lawrence, Jr., Dexter, for appellant.

BILLINGS, Presiding Judge.

Appeal from the termination of the parental rights of D. W. and T. W.'s natural parents. We affirm.

The Circuit Court of Stoddard County found, inter alia:

upon appellant that the failure to cite authority may result in a finding that the point is abandoned. *Robinson v. Gerber*, 454 S.W.2d 933 (Mo.App.1970); Rule 84.-04(d), V.A.M.R.

Chapter 211, RSMo 1978, does not provide for withdrawal of consent. Consent to adoption [Chapter 453, RSMo 1978] is an analogous area. Prior to the 1947 revamping of the adoption procedure, Missouri required continuing consent to adoption. There was, therefore, a right to withdraw consent. *Application of Graham*, 239 Mo. App. 1036, 199 S.W.2d 68 (1946). This was, at that time, the majority rule. Id. at 73; Annotation, 138 A.L.R. 1038 (1942).

With the passage of the present § 453.-050, RSMo 1978, in 1947, consent was made irrevocable "without leave of the court." This has been interpreted as giving the trial court "the discretionary power and responsibility of determining whether the consent should be revoked." *In re Mayernik*, 292 S.W.2d 562, 570 (Mo.1956).

In those jurisdictions where there is no statutory provision for withdrawal of consent, the modern trend is toward limiting the right of revocation. "[T]he right to withdraw generally is held dependent upon a variety of factors, including the nature of the adoption proceedings, the reasons for seeking withdrawal, all of the attendant circumstances and policy considerations, and the particular stage of the adoption proceedings at which the withdrawal of consent is made." Annotation, 74 A.L.R.3d 421, 425 (1976). Missouri cases have noted this trend. *In re Mayernik, supra; In re Adoption of Hecker*, 448 S.W.2d 280 (Mo. App.1969); *In re G. K. D.*, 332 S.W.2d 62 (Mo.App.1960); *Adoption of McKinzie*, 275 S.W.2d 365 (Mo.App.1955).

■ The standard of review under § 453.-050, RSMo 1978 is governed by Rule 73.01, V.A.M.R.; *In Interest of W. H. J.*, 511 S.W.2d 795 (Mo.1974).[1] Given the interpretation of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), the judgment of the trial court is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. This same standard should be applied to requests for revocation of consent under Chapter 211, RSMo 1978.

■ From the following portion of the record of appellant's testimony, it is clear that appellant's consent was knowingly and intelligently given:

"Q. What did you understand that they were?

A. Adoption papers.

Q. That you were consenting to have your children adopted by some person?

A. Yeah.

Q. And did you understand at that time that if they were adopted by someone that all of your rights would be terminated as a parent, that you wouldn't have the right to go back and get the children any time you wanted to, but that they would be someone else's children?

A. Yeah."

Appellant's only evidence as to why she should be allowed to withdraw her consent was that she changed her mind. It cannot be said that the court abused its discretion in not allowing appellant to withdraw her consent. *In Interest of W. H. J.*, supra.

■ An investigation and social study is required where parental rights are sought to be terminated under the provisions of § 211.447, RSMo 1978, except where termination is based on consent. Section 211.472, RSMo 1978. Since the trial court correctly found that there was a valid consent, no home study was required and we are faced only with appellant's claim that there was no "clear, cogent and convincing evidence" that terminating appellant's parental rights was in the children's best interest. Section 211.447, RSMo 1978.

1. For a discussion of the factors to be considered by the trial court see *In re D___*, 408 S.W.2d 361 (Mo.App.1966).

There must be strict compliance with the statutory scheme. *S. K. L. v. Smith*, 480 S.W.2d 119 (Mo.App.1972). Section 211.-447–2 provides:

"The juvenile court may, upon a petition filed by the juvenile officer, terminate the rights of parent to a child if it finds that such termination is in the best interest of the child and one or more of the following conditions are found to exist:

(1) When the parent has consented in writing to the termination of his parental rights;

(2) When it appears by *clear, cogent and convincing evidence* that one or more of the following conditions exist: . . . ."

(Emphasis added).

Here, in addition to appellant's written consent, there was substantial evidence to support the trial court's finding that termination of appellant's parental rights was in the best interest of the children.

The judgment is affirmed.

All concur.