**In re the ADOPTION OF R.V.H.,
a Minor, Plaintiff.**

**David E. and Karla J. STROBEL,
Respondent,**

v.

**M.M.A., Natural Mother, Appellant.**

**WD 44139.**

Missouri Court of Appeals,
Western District.

Dec. 3, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 28, 1992.

Application to Transfer Denied
March 24, 1992.

Mark A. Gutchen, Jefferson City, for appellant.

John W. Inglish, California, for respondent.

John T. Kay, California, for guardian ad litem.

Before SHANGLER, P.J., and BERREY and HANNA, JJ.

PER CURIAM:

The Strobel's filed a petition for custody and the ultimate adoption of R.H., a boy born in April of 1985. The natural father is not involved in this action, but the mother, M.A., who had signed a consent for the adoption sought to withdraw her consent and intervene. The trial court allowed intervention for the purpose of determining the issue of withdrawal of consent and denied intervention for any other purpose. The trial judge did not allow revocation of consent, and the mother has appealed.

The twenty-one year old mother had voluntarily taken the child to live with the Strobels in January 1990 saying she could not handle him along with her three other children. She testified that her husband is an abusive drunk and she moved every three to four months, sometimes staying with her mother in a three bedroom home that houses seventeen people. At trial she was separated from her husband (not the boy's father) who had served a jail term for sexual assault. The boy had spent a considerable portion of his life at the Strobel's home. On April 30, 1990 the mother signed before a notary a "consent of parent for adoption of child," as required in § 453.030, RSMo 1986. The mother who has a ninth grade education and can read and write. At no time has she cast doubt on the Strobel's ability to take care of the child or their willingness to adopt the little boy.

This appeal centers on the mother's attempt to invalidate or set aside her written consent. She starts with the contention that the trial court had no jurisdiction to proceed with the adoption because the consent was invalid on its face. She maintains that she did not know she was severing her parental rights, but rather was giving the Strobel's some sort of "temporary custody." As a fall-back she contends 1) the trial court incorrectly placed the burden on her on the issue of consent; 2) there was

insufficient evidence showing she knew what she was signing; and, 3) the court should have allowed her to intervene in the adoption because of the mother's "fundamental interest."

■ Considering the last point first, suffice it to say that in the context of Rule 52.12, after an adverse ruling to the mother on her consent, she would have no right to intervene in the Strobel's case for adoption. The mother's rights were fixed, absent a court's later determination of fraud, duress, coercion or other elements which would render the consent involuntary, at the time of her consent. *In re G.K.D.*, 332 S.W.2d 62, 75 (Mo.App.1960); *cf., In re D___*, 408 S.W.2d 361, 367 (Mo.App.1966); Section 453.060, RSMo Cum.Supp.1990. In any event the mother should not be heard to complain since the boy had earlier spent a continuous years' time in the respondents' home and was taken there voluntarily by her on this occasion.

■ The mother's contention of the consent being invalid on its face, and affecting jurisdiction for the adoption is also without merit. She is correct in that a valid consent was a jurisdictional requisite in the case. Sections 453.030 and .040, *supra;* *In Interest G.M.D. v. M.D.*, 610 S.W.2d 305, 307 (Mo.App.1980). The form states the mother "consents to the adoption of my son by ... [the Strobel's]." She contends there is nothing to show by clear and convincing evidence she knew or understood "the legal consequences of her act," nor the "opportunity to obtain legal advice." Section 453.-030.3, *supra,* merely states the parents' consent must be in writing and acknowledged before a notary or signed before two adult persons; the statute requires nothing more than what was included.

■ The heart of this appeal lies in the point proclaiming insufficient evidence to support the court's order disallowing revocation of the mother's consent. Needless to say the evidentiary hearing on this matter conflicted. The mother testified at length that she didn't understand what she signed and didn't realize she would be terminated as the mother and lose visitation. The trier of fact heard Mrs. Strobel, the DFS worker and the attorney before whom the mother signed the consent. The summary of that evidence was that the mother was told and made statements to the effect that she knew that an adoption would terminate her rights.

These facts come close to those *In re Adoption of A.D.A.*, 789 S.W.2d 842, 845 (Mo.App.1990), where the opinion reads:

■ The mother first asserts the trial court erred because she did not knowingly, voluntarily consent to the adoption. She testified that she placed the baby in the care of the petitioners (her great aunt and her husband) because of financial problems. The mother had only a seventh grade education. She further testified that about eight weeks after the petitioners had the baby, they asked her to sign a document represented to her as merely granting petitioners temporary legal custody. She signed without reading it and then went to the home of a notary public.

The petitioners testified they discussed with the mother the fact they were becoming attached to the child and did not want to keep her any longer unless they could adopt her. The mother was agreeable. When the document was ready, in response to a phone call from petitioners, the mother came to their home. The consent was read to her. She was aware of its contents. The three of them went to the notary public's home where the mother signed and acknowledged the consent. The notary public testified she asked the mother if she was sure she wanted to do this. The mother replied yes and signed the consent in the presence of the notary public.

No findings of fact or conclusions of law were requested or made. All fact issues shall be considered as having been found in accordance with the result reached. Rule 73.01. The trial court obviously rejected the testimony of the mother and found the execution of the consent to be a knowing, voluntary act and that she was merely attempting to change her mind.

It is unfortunate the mother changed her mind. The evidence, and the guardian's support of Judge Franklin's order point to the adoption being in the best interests of the child, and as a prerequisite, the mother's consent is valid, and was knowingly made although now regretted.

The judgment is affirmed.