**In Interest of D.C.C.**

**No. WD 52206.**

Missouri Court of Appeals,
Western District.

Oct. 15, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 26, 1996.

Application to Transfer Denied
Jan. 21, 1997.

Janet Wake Larison, Grant City, for appellant.

Barry Anderson, John Fraze, Maryville, for respondents.

SPINDEN, Judge.

On December 12, 1995, J.W.S., Jr., and D.M.S.[1] sued for custody of D.C.C., born on December 10, 1995, for the purpose of adopting the infant. On the same day, the child's unmarried natural parents, C.C.W. and C.T.C., consented to the transfer of custody and adoption. The parents later changed their mind and sought to revoke their consent. The circuit court denied their request to withdraw their consent, and they appealed. They assert that they were under emotional duress when they agreed to the adoption. We affirm.

The consent signed by the parents said, "I hereby consent to the transfer of custody of this child to [the respondents] and to the subsequent adoption of this child by [the respondents]." It also said, "I understand that a decree of adoption granted to [the respondents] will terminate any parental rights that I now have as the natural [parent] of this child."

1. We refer collectively to these individuals as respondents.

The circuit court convened a hearing on December 12, 1995. At the hearing, the parents acknowledged under oath that they had executed the consent, that they had discussed the adoption, and that they had read and reviewed the consent before signing it. They testified that they understood that their parental rights would be terminated. They both maintained that they still agreed to the child's adoption. The natural mother said that she believed the adoption was in the child's best interests. The circuit court heard evidence of a home study report by the Division of Family Services. After considering the evidence, the circuit court entered a temporary custody order transferring custody of D.C.C. to the respondents.

On December 19, 1995, the circuit court convened a hearing during which the respondents, their attorney and the guardian *ad litem* presented evidence that the appropriate authorities in both Pennsylvania and Missouri had approved the transfer of custody under the Interstate Compact for the Placement of Children. The court entered an order allowing the respondents to return to Pennsylvania with the child.[2]

On January 8, 1996, the parents filed a "Motion for Leave to Withdraw Consent of Parent to Adoption and Waiver of Notice." They attached affidavits which said, "[O]n the 15th day of December, 1995, [we] advised the [respondents] that [we] no longer agreed with the adoption and wanted the minor child, [D.C.C.], to remain with [us]."

Three days later, counsel for both parties argued the motion before the circuit court. The circuit court denied the motion.

The parents argue that the circuit court abused its discretion in denying their request to withdraw consent to the adoption. They complain that the circuit court did not hold a separate evidentiary hearing on their motion and that its decision was not supported by competent evidence. They claim they were entitled to present evidence that they were under emotional duress when they agreed to the adoption.

2. The adoption was to take place in Pennsylvania, the respondents' residence.

When a natural parent consents to an adoption, the consent is irrevocable without leave of court. *In Re Adoption ADA,* 789 S.W.2d 842, 844 (Mo.App.1990). Whether to allow revocation of consent to adopt is within the sound discretion and responsibility of the trial court. *Id.* "Th[e] triumvirate of cases makes certain [that] leave of court to withdraw written consent to adoption will not be awarded for the mere asking or upon the whim of the consenter." *Id.* at 845 (quoting *In re D,* 408 S.W.2d 361, 366 (Mo.App.1966)).

A circuit court may allow the withdrawal of consent to adopt for good cause, and the natural parents bear the burden of proving good cause. *Id.* at 846. In determining whether the parents have shown good cause, a circuit court should consider the parent's legal capacity to give consent and whether the consent was induced by fraud or duress. *Id.* at 845.

In this case, the parents did not allege in their motion or affidavits any valid grounds—or any grounds of any kind—for granting their motion. The affidavits merely said that the parents no longer agreed to the adoption and that they wanted to withdraw their consent. Rule 55.26(a) requires a motion to "state with particularity" the alleged grounds. The parents did not present a valid basis for the circuit court's allowing them to withdraw their consent to the adoption. *See In Re Adoption of R.V.H.,* 824 S.W.2d 28, 30–31 (Mo.App.1991); *Matter of P.A.W.,* 623 S.W.2d 592, 594 (Mo.App.1981).

Although the parents now claim on appeal that they were under "duress by force of circumstances" when they agreed to the adoption, the transcript of the December 12, 1995, belies their contention. At the hearing, they testified that they had discussed the adoption and fully understood the consequences of their decision and that they voluntarily agreed to the adoption.

The natural mother was a 22–year–old college student at the time of the hearing. She testified that she and the natural father had discussed the adoption and that she wanted the child to be adopted. She acknowledged reading the consent form and said that she understood that her parental rights would be terminated if the court accepted her consent to the adoption and the child was adopted. She said that she had talked with a counselor and had carefully considered this decision. She also said that she had not been threatened or coerced and that her decision was voluntary. She also indicated that she believed the adoption was in the child's best interests.

The natural father, who was 25 years of age, acknowledged that he had read the consent form and understood it. He said that he understood that if the court accepted his consent and granted the adoption, that his parental rights would be terminated. He also said that he and the natural mother had discussed the matter at great length.

This was sufficient evidence to support the circuit court's decision to deny the parents' motion. Because of the parents' failure to allege any valid grounds for granting their motion, we discern no abuse of discretion in the circuit court's failure to convene a separate hearing to hear additional evidence.

ULRICH, C.J., P.J., and EDWIN H. SMITH, J., concur.