In the Matter of the Petitioners, I__ D__ and J__ D__, his wife, for Temporary Legal Custody of A__ K__ B__ D__, a minor, Respondents,

v.

B__ C__ D__, Respondent,

and

C__ I__ D__,[1] Appellant.

No. 21062.

Missouri Court of Appeals, Southern District.

Feb. 18, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 10, 1997.

Application to Transfer Denied April 29, 1997.

---

1. Rule 81.03, Missouri Rules of Civil Procedure (1996), provides: " ... the title of the action shall not be changed in consequence of the appeal." In obedience to that rule, we title this opinion using the title on the petition and judg-ment in the trial court, except we identify the parties by initials instead of names because this appeal arises from an adoption proceeding. We do not imply the title is correct.

Keith D. Sorrell, Spain, Merrell and Miller, Poplar Bluff, for appellant.

Janet K. Brown, Poplar Bluff, for Respondents I— D— and J— D—.

No Appearance for Respondent B— C— D—.

CROW, Judge.

C— I— D— ("Mother"), biological mother of A— K— B— D— ("Child"), appeals from a judgment denying her motion to set aside a decree of adoption which granted the petition of I— D— and J— D— ("Grandparents") to adopt Child. Mother's sole point relied on avers the trial court erred in refusing to set aside the adoption decree in that "the amend-

ed petition requesting adoption was not served on [Mother]."

The record on appeal consists of only a legal file. The facts set forth in this opinion have been gleaned from it and from the parties' briefs.[2]

Child was born October 26, 1986. She was sired by B— C— D— ("Father"), the son of Grandparents.

On August 16, 1993, Grandparents filed a pleading designated "Petition for Temporary Legal Custody" in the trial court. It averred, *inter alia*, that Child had lived with Grandparents since October, 1986, and it would be in Child's best interest for temporary legal custody to be awarded Grandparents. The sole relief prayed for was "an order granting [Grandparents] the temporary legal custody of [Child]."

The petition was accompanied by sundry documents including one designated "Waiver of Service and Entry of Appearance," signed and sworn to by Mother. The text thereof appears below.[3] Another document accompanying the petition was designated "Consent for Transfer of Custody." It was signed and acknowledged by Mother. The text thereof appears below.[4]

The petition was also accompanied by two documents signed by Father. Their respective designations and contents were the same as those signed by Mother.

On November 18, 1993, the trial court appointed a lawyer as guardian ad litem for Child. Grandparents appeared before the trial court that date in person and with coun-

---

2. Where a statement of fact is asserted in one party's brief and conceded to be true in the adversary's brief, we may consider it as though it appears in the record. *Robinson v. Empiregas Inc. of Hartville*, 906 S.W.2d 829, 835[4] n. 6 (Mo.App. S.D.1995). Mother filed a brief and Grandparents filed a brief.

3. [C— I— D—], of lawful age, being duly sworn on her oath, states that she is a Respondent herein; that she waives service of process upon herself; that she waives any defenses which she might have including but not limited to improper venue; that she hereby agrees that this case may be heard in the Circuit Court of Wayne County, Missouri; that she has read said Petition for Temporary Legal Custody, is not represented by counsel; and that the facts stated therein are true according to the best knowledge and belief

of said Respondent; and consents that the Court may set and take up the case at any time convenient for the Court to do so.

4. I, [C— I— D—], state that I am the natural mother of [A— K— B— D—], a female child born on the 26th day of October, 1986, in Poplar Bluff, Missouri.

I hereby consent to the transfer of physical and legal custody of my minor daughter to my father-in-law and mother-in-law, [I— D—] and [J— D—], of Greenville, Missouri, for the purpose of adoption.

Due to circumstances in my personal life, I feel it would be in the best interest of my minor daughter that custody be transferred to [I— D—] and [J— D—].

sel; Child appeared by her guardian ad litem, who filed an answer for Child. The answer denied the allegations in Grandparents' petition and asked that Grandparents "make strict proof."

The trial court's "docket sheet" shows:

"Petitioners announce they intend to file an Amended Petition seeking adoption in Count II and, therefore, the Court proceeds on the Petition as if it were Count I for Transfer of Legal Custody with a view towards Adoption. Evidence adduced and the Court finds that the allegations of the Petition are true and that a Transfer of Legal Custody would be in the best interest of the minor child. It is, therefore, Ordered that legal and physical custody of the minor child ... be and hereby is vested in the Petitioners ... pending a hearing on the Adoption nine (9) months hence.... "

On November 29, 1993, Grandparents filed a pleading designated "Amended Petition for Adoption" in the trial court. It contained two counts. Count I prayed that the "full temporary legal custody" of Child be placed in Grandparents "pending further adoption proceedings herein." Count II pled, *inter alia*, that Mother and Father had each signed a consent to the adoption of Child by Grandparents. Count II prayed the court to enter a decree of adoption "ordering that ... [Child] shall, to all legal intents and purposes, be the child of [Grandparents]."

No copy of the amended petition was served on Mother.

On October 12, 1994, Grandparents appeared in the trial court with counsel; Child appeared by her guardian ad litem. Neither Mother nor Father appeared. The court heard evidence. Two days later, the court entered the decree of adoption referred to in the first sentence of this opinion. The decree contained this provision:

"The written consent of the natural father and natural mother to the adoption of the minor child has been duly executed and filed."

On August 31, 1995, ten months after entry of the adoption decree, Mother filed a

motion asking the trial court to set the decree aside. The motion pled sundry grounds, one of which was that the amended petition filed November 29, 1993, was not served on her.

On March 18, 1996, the trial court held a hearing on Mother's motion. Grandparents appeared with counsel; Child appeared by her guardian ad litem; Mother appeared in person and with counsel. The trial court's "docket sheet" shows:

"The attorneys announce that the sole issue to be decided is the legal question of whether or not the Consent for Adoption signed by [Mother] would obviate the necessity of service of process on [Mother] of the Amended Petition for Adoption which was filed after the Consent was executed."

On September 9, 1996, in a judgment unadorned with any explanation—apparently none was requested (*see* Rule 73.01(a)(3))— the trial court denied Mother's motion. As reported earlier, Mother's sole attack on that judgment in this appeal is that no copy of the amended petition was served on her.

Mother cites Rule 43.01(a), which reads:

"Every pleading, subsequent to the original petition ... shall be served upon each of the parties affected thereby, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons."

The "Waiver of Service and Entry of Appearance" signed and sworn to by Mother is set forth earlier in this opinion.[5] We henceforth refer to it as the "Waiver/Entry." As we comprehend Mother's brief, she tacitly concedes the Waiver/Entry constituted an entry of appearance by her in the trial court in the action commenced by Grandparents' original petition.

■ An entry of appearance serves the same purpose as if a summons had been served. *Stockstrom v. Jacoby*, 775 S.W.2d 300, 302[2] (Mo.App. E.D.1989). Mother's

---

5. Footnote 3, *supra*.

Waiver/Entry was filed August 16, 1993, simultaneously with Grandparents' original petition. The Waiver/Entry stated Mother had read the original petition. Under *Stockstrom,* the effect of the Waiver/Entry was just as if a summons and a copy of the original petition had been served on Mother on August 16, 1993.

However, as observed earlier, the original petition prayed for only an order awarding Grandparents temporary legal custody of Child.[6] There was no averment that Grandparents intended to adopt Child. That averment first appeared in the amended petition.

■ Rule 43.01(a), quoted earlier, begins by requiring that every pleading subsequent to the original petition be served upon each party "affected thereby." We refer to that provision as the "general requirement." The general requirement is followed by an exception. The exception provides that no service of a subsequent pleading need be made on "parties in default for failure to appear" unless the subsequent pleading asserts "new or additional claims for relief" against such parties.

Here, as explained below, it makes no difference whether the general requirement of Rule 43.01(a) or the exception applies. The result is the same in either event.

Section 453.090.1, RSMo 1994, provides that when a child is adopted in accordance with chapter 453, all legal relationships and all rights and duties between such child and his natural parents shall cease, and such child shall thereafter be deemed and held to be for every purpose the child of the adoptive parents as fully as though born to them in lawful wedlock. *See: Wailes v. Curators of Central College,* 363 Mo. 932, 254 S.W.2d 645, 648–49[4] (banc 1953).

A valid decree of adoption in the instant case would affect Mother differently than an order awarding Grandparents only temporary legal custody of Child. A decree of adoption in favor of Grandparents would per-

manently extinguish all of Mother's parental rights regarding Child. Inasmuch as a decree of adoption was first sought in the amended petition, it is obvious that as to the amended petition, Mother was a party "affected thereby" within the meaning of Rule 43.01(a). Consequently, we hold that if the general requirement of Rule 43.01(a) applies, Grandparents were compelled to serve a copy of the amended petition on Mother.

The same analysis fits the exception in Rule 43.01(a). Because the amended petition asserted a new and additional claim for relief against Mother—a claim for a decree of adoption which would extinguish Mother's parental rights to Child—Grandparents were compelled to serve a copy of the amended petition on Mother even though arguably she may have been a party "in default for failure to appear" (in that she filed no answer to the original petition within the thirty days allowed by Rule 55.25(a)).

We therefore hold Grandparents were compelled to serve a copy of the amended petition on Mother unless—as argued by Grandparents—service was not required by reason of § 453.060, RSMo 1994, which reads in pertinent part:[7]

"1. A writ of summons and a copy of the petition shall be served on:

(1) Any person . . . whose consent to the adoption is required by law *unless such consent is filed in court* [.]" (Emphasis added.)

Section 453.030.3, RSMo 1994, reads:

"With the exceptions specifically enumerated in section 453.040, when the person sought to be adopted is under the age of eighteen years, the written consent of the parents . . . to the adoption shall be required and filed in and made a part of the files and record of the proceeding. Such written consent may be executed prior to or subsequent to the institution of the adoption proceedings . . . ."

---

6. Neither the record nor the briefs reveal the statute or rule upon which Grandparents relied in filing the original petition.

7. Section 453.060, RSMo 1994, was amended by Laws of Missouri 1995, H.B. Nos. 232 and 485, pp. 990–95, and S.B. No. 174, pp. 976–89. The amendments did not affect subdivision "(1)" of subsection "1," quoted above.

The above provision is subject to exceptions in § 453.040; however, there is no contention here that any such exception applies.

■ The effect of § 453.060.1(1) and § 453.030.3 is that a copy of the amended petition had to be served on Mother unless she filed a consent to the adoption of Child by Grandparents in court. Thus, the outcome of this appeal hinges on whether either of the two documents signed by Mother and filed simultaneously with the original petition constituted such a consent.

One of those documents, the Waiver/Entry,[8] is discussed earlier in this opinion. The Waiver/Entry does not purport to be a consent to the adoption of Child by Grandparents. Grandparents do not argue otherwise.

The other document is the "Consent for Transfer of Custody."[9] We henceforth refer to it as the "Consent." In the second paragraph of the Consent, Mother states she consents to the transfer of "physical and legal custody" of Child to Grandparents "for the purpose of adoption." Thus, the dispositive issue in this appeal is whether that paragraph of the Consent constitutes a consent by Mother to the adoption of Child by Grandparents within the meaning of § 453.030.3, *supra.*

*In the Interest of W.H.J.,* 511 S.W.2d 795 (Mo.1974), was an appeal by the natural parents of a child from the denial of their petition to revoke their consent to the child's adoption. *Id.* at 796. The consent signed by each parent was identical to the one signed by the other except one identified the father as the parent and the other identified the mother as the parent. *Id.* The opinion sets forth the mother's consent, verbatim. *Id.* at 796–97. The consent stated, *inter alia,* that the mother placed the child under the jurisdiction of the juvenile court to be placed by the court in a good family home for adoption. The consent further stated that the mother consented at any time thereafter to any decree of adoption of the child that may be made by the juvenile court or any court of competent jurisdiction in Missouri. *Id.* at 797. Additionally, the consent said: "I un-

derstand that by such decree of adoption all rights I may have as a parent of said child shall be terminated and that the person or persons adopting said child under said ... decree will secure all personal rights to and over said child." *Id.* The Supreme Court held the consent sufficient and valid. *Id.* at 804.

Another case deciding whether a document signed by a parent constituted a sufficient and valid consent to adoption is *In re Adoption of R.V.H.,* 824 S.W.2d 28 (Mo.App. W.D. 1991). There the document stated the parent "consents to the adoption of my son by ... [the Strobel's]." *Id.* at 30. The court held the document satisfied the requirements of § 453.030.3 for a consent. *Id.*

Here, the Consent does not state Mother consents to the adoption of Child by Grandparents or anyone else. The Consent says only that Mother consents to the transfer of *physical and legal custody* of Child to Grandparents "for the purpose of adoption."

It is inferable, of course, that when Mother signed the Consent she realized Grandparents intended to adopt Child sometime in the future. Otherwise, there would have been no reason for the phrase "for the purpose of adoption" in the second paragraph of the Consent.

However, the original petition did not seek an adoption. A decree of adoption was first sought in the amended petition, filed three and a half months after the original petition.

Furthermore, § 453.010.1, RSMo 1994, provides that any person desiring to adopt another person may petition the *juvenile division* of the circuit court. The original petition displays no indication that it is addressed to the juvenile division.

Mother may have assumed the transfer of "physical and legal custody" was only a preliminary step in the adoption process and that by consenting to transfer of custody she was not acquiescing in a future adoption of Child by Grandparents. The Consent is susceptible to that interpretation.

Had Mother admitted, at the hearing on her motion to set aside the adoption decree,

8. Footnote 3, *supra.*

9. Footnote 4, *supra.*

that she intended the Consent to constitute a consent by her to the adoption of Child by Grandparents, the ambiguity in the Consent might have been cured. However, the record does not indicate any evidence was presented at that hearing and, as noted earlier, the legal file is unaccompanied by a transcript.

On the meager record before us, we hold the Consent does not constitute a consent by Mother to the adoption of Child by Grandparents within the meaning of § 453.030.3, *supra*. It necessarily follows that § 453.060.1(1) required Grandparents to serve a copy of the amended petition on Mother. Because that was not done, the trial court lacked jurisdiction to grant the decree of adoption. *G.M.D. v. M. D.*, 610 S.W.2d 305, 307–08 (Mo.App. E.D.1980).

We therefore hold the trial court erred in denying Mother's motion to set aside the adoption decree. The judgment appealed from must be reversed and the cause must be remanded to the trial court with a directive to set the decree aside.

That does not mean Grandparents cannot adopt Child or that they must surrender custody of Child to Mother. Custody is not an issue in this appeal and we express no opinion on that subject. On remand, Grandparents may pursue their goal of adopting Child.

We realize our holding leaves Child in unsettled circumstances, and we are not oblivious of the frustration Grandparents will suffer because of our decision. However, the law we are bound to follow allows no other result.

The judgment denying Mother's motion to set aside the decree of adoption is reversed, and the cause is remanded to the trial court for entry of an order setting the decree aside.

MONTGOMERY, C.J., and PARRISH, J., concur.