In the Matter of I.D. and J.D. for Adoption of A.K.B.D., a minor, Petitioners–Respondents,

v.

B.C.D., Respondent,

and

C.I.D., Respondent–Appellant.

No. 22944.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 28, 2000.

Keith D. Sorrell, Spain, Merrell and Miller, L.L.P., Poplar Bluff, for appellant.

Janet K. Brown, Poplar Bluff, for respondent.

PHILLIP R. GARRISON, Chief Judge.

The trial court entered a judgment and decree of adoption by which A.K.B.D. was adopted by her paternal grandparents, I.D and J.D. ("Grandparents"). C.I.D. ("Mother") appeals, claiming that the trial court erred because she did not consent to the adoption, and the evidence was insufficient to establish that she willfully abandoned or willfully, substantially and continuously neglected A.K.B.D. for six months immediately preceding the filing of the adoption petition. She argues that any lack of contact with the child was involuntary on her part. We affirm.

In adoption cases, as in other court-tried cases, the standard of appellate review is pursuant to Rule 73.01(c),[1] as interpreted in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Therefore, we must sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *H.W.S. v. C.T.*, 827 S.W.2d 237, 240 (Mo.App. E.D. 1992). Due regard is given to the opportunity of the trial court to judge the credibility of witnesses. *In Re K.K.J.*, 984 S.W.2d 548, 552 (Mo.App. S.D.1999). In determining if there was substantial evidence to support the judgment, we defer to the trial court on factual issues and do not substitute our judgment for that of the trial court. *Id.* "Greater deference is granted to a trial court's determination in custody and adoption proceedings than in other cases." *Id.*

---

1. All rule references are to Missouri Rules of Civil Procedure (1999) and all statutory references are to RSMo 1994, unless otherwise indicated.

In this case, the petition for adoption alleged that Mother had, for a period of more than six months, willfully abandoned A.K.B.D. and willfully, substantially and continuously neglected to provide for her with necessary care and protection. These allegations were pursuant to § 453.040, which provides, in pertinent part that the consent of the adoption of a child is not required of:

(5) A parent who has for a period of at least six months, for a child one year of age or older, ... immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection.

A.K.B.D., who was born on October 26, 1986, spent much of the time from birth until November 1993 in the actual custody of the Grandparents at the request of Mother. There was evidence indicating that Mother requested that the Grandparents care for A.K.B.D. because of conflicts in her marriage to A.K.B.D.'s father, as well as the consumption of alcohol and drugs by the father and Mother. In August 1993, the Grandparents filed a petition for temporary legal custody which was granted by the court on November 18, 1993, after Mother signed a consent agreeing to the transfer of custody for the purpose of adoption, and saying that "[d]ue to circumstances in my personal life, I feel it would be in the best interest of my minor daughter that custody be transferred to [the Grandparents]." A.K.B.D. has been in the continuous care and custody of the Grandparents since November 1993.

On November 29, 1993, Grandparents filed an amended petition seeking to adopt A.K.B.D. On October 12, 1994, the trial court heard the adoption petition and the adoption by Grandparents was ordered. That decree was subsequently set aside by this court because the amended petition had neither been served on Mother nor

had she consented to the adoption. *I____ D____ v. B____ C____ D____*, 941 S.W.2d 658 (Mo.App. S.D.1997). Thereafter, Grandparents filed a second amended petition for adoption on November 24, 1997. Trial was held before the court on March 23, 1999, which resulted in the judgment and decree from which Mother now appeals.

■■■■ Mother contends that the evidence was insufficient to support a finding, pursuant to § 453.040(5) that she had, for six months prior to the filing of the petition for adoption, willfully abandoned A.K.B.D., or had, for the same period of time, willfully, substantially and continuously neglected to provide her with necessary care and protection. The terms "abandonment" and "neglect" in § 453.040(5) are used in the disjunctive and, therefore, either ground, if supported by substantial evidence, will support an adoption. *In Re Marriage of A.S.A.*, 931 S.W.2d 218, 221 (Mo.App. S.D.1996).

■■■■ The terms "neglect" and "abandonment" embody different, but not mutually exclusive concepts. *Id.* at 221–22. "Neglect" focuses on physical deprivation or harm, and has been characterized as a "failure to perform the duty with which the parent is charged by the law and by conscience." *Id.* "Neglect" is ultimately "a question of an intent to forego parental duties, 'which generally is an inferred fact, determined by conduct within the statutory period, combined with relevant conduct both before and after the period.'" *Matter of B.S.R.*, 965 S.W.2d 444, 449 (Mo.App. W.D.1998). The greatest weight is given to conduct within the statutory period, and the least weight is given to conduct after the petition for adoption is filed. *Id.* "Parental duties" includes both an obligation to provide financial support for a minor child, as well as an obligation to maintain meaningful contact with the child. *Id.* A parent's failure to contribute to the financial support of a child coupled with other evidence as to lack of contact with it is

sufficient to sustain a trial court's finding of willful neglect. *C.B.L. v. K.E.L.*, 937 S.W.2d 734, 738 (Mo.App. E.D.1996).

■ "Abandonment" is defined as the voluntary and intentional relinquishment of custody of the child with the intent to never again claim the rights or duties of a parent, or, the intentional withholding by the parent of his or her care, love, protection and presence, without just cause or excuse. *Id.* at 737.

In explaining her point relied on, Mother says:

> Our point on appeal covers two basic areas. One is that the evidence at trial demonstrated that during the six months preceding the filing of the adoption petition, that [Mother] provided money and tried to maintain contact with [A.K.B.D.]. The second area is that any lack of contact was caused by [Grandparents] and was not voluntary on [Mother's] part.

In this regard, Mother dates the filing of the adoption petition at November 24, 1997, when the second amended petition was filed. She notes that approximately two weeks before the filing of that amended pleading, she mailed a check for $50 for the benefit of A.K.B.D., which was returned to her unopened by Grandparents. There is no evidence in the record that Mother furnished any money for the support of A.K.B.D. before that check, although she did mail two subsequent checks which were also returned by Grandparents. Mother concludes that the only evidence before the court was that she "*did* provide financial assistance which was refused. This is not willful neglect or abandonment."

There was also evidence that Mother had written letters to A.K.B.D. and had made calls to her in the period of three to four years prior to the trial which was held on March 23, 1999. Prior to that time, Mother would go long periods of time without making contact by phone, and she infrequently wrote her daughter. Mother

had, for several years prior to the filing of the petition for adoption in November 1993, left A.K.B.D. with Grandparents most of the time for her own protection from the activities of the natural father as well as Mother. The evidence also indicated that Mother's contacts with the child prior to, and for a substantial time after, November 1993 were sporadic at best; and that she furnished no support for the child until approximately November 1997. Grandparents had actual custody of A.K.B.D. for most of her life from birth until legal custody was delivered to them by the court in November 1993. In conjunction with Grandparents' request for a transfer of legal custody, Mother signed a consent in July 1993, which she acknowledged as being her free act and deed, and which stated that the consent was for the transfer of physical and legal custody "for the purpose of adoption," due to the circumstances in Mother's personal life. This indicates that Mother voluntarily and intentionally relinquished custody of A.K.B.D. with the intent to never again claim the rights and duties of a parent.

■ The essence of Mother's contention is that the evidence demonstrated an attempt to support and have contact with her daughter during the six month period prior to the filing of the second amended petition, and thus there was no evidentiary support for a finding that the trial court had jurisdiction to order the adoption without her consent. She is incorrect in this regard. In determining whether a parent has willfully abandoned or neglected a child so as to obviate the necessity for a consent to adoption, the key period is determined with reference to the filing of the petition, and not from the filing of an amended pleading. *In Re Adoption of K.A.S.*, 933 S.W.2d 942, 947 (Mo.App. W.D. 1996). In the instant case, the original pleading filed by Grandparents seeking to adopt A.K.B.D. was the first amended petition, filed November 29, 1993. The only evidence relied on by Mother to demonstrate that § 453.040(5) was inapplicable

was the check mailed almost four years later.

Mother argues that Grandparents interfered with her contacts with A.K.B.D. by returning her letters and checks and by inhibiting her ability to talk with her child by phone. Based on the record before us, it appears that all of these incidents, if believed by the trial court, occurred long after the statutory period prescribed by § 453.040(5). As indicated above, while Mother's efforts in this regard are entitled to consideration, the weight to be given to them is less than to her actions within the statutory period of six months prior to the filing of the adoption petition.

There was evidence from which the trial court could have found that Mother had willfully abandoned or willfully, substantially and continuously neglected to provide her with necessary care and protection for at least six months immediately prior to the filing of the petition for adoption which occurred in November 1993. There is no issue about whether the adoption by Grandparents is in the best interests of A.K.B.D. While Mother has apparently made an commendable effort to become more involved in A.K.B.D.'s life in later years, there was a sufficient evidentiary base upon which the trial court could enter the adoption decree. Accordingly, we deny Mother's point relied on and affirm the judgment and decree of the trial court.

PREWITT, J., and BARNEY, J., concur.

